IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **WILLIAM E. MATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:04-1004** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Standing Order, this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are Plaintiff's "Brief in Support of Complaint and Motion for Remand" and Defendant's Motion for Judgment on the Pleadings.

The Plaintiff, William E. Mates, (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on June 6, 2002 (protective filing date), alleging disability as of January 18, 2002, due to migraines, partially torn rotator cuff, knee trouble, insomnia and right arm problems. (Tr. at 51-54, 395-97, 31, 36.) The claims were denied initially and upon reconsideration. (Tr. at 31-34, 36-37, 399-403, 405-06.) On June 17, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 38.) The hearing was held on March 11, 2004 before the Honorable Brian P. Kilbane. (Tr. at 407-34.) By decision dated April 19, 2004, the ALJ determined that Claimant

was not entitled to benefits. (Tr. at 13-24.) The ALJ's decision became the final decision of the Commissioner on August 13, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 5-7.) Claimant filed the present action seeking judicial review of the administrative decision on September 16, 2004, pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 17.) Under the second inquiry, the ALJ found that Claimant suffered from severe impairments. (Tr. at 19.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19.) The ALJ then found that Claimant had a residual functional capacity for medium-level work with additional limitations. (Tr. at 22.) The ALJ found that Claimant could only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; could not perform overhead reaching with the right shoulder; and should have no concentrated exposure to extreme heat, humidity, vibration, and hazards such as machinery or heights. (Tr. at 22.) As a result, the ALJ determined that Claimant's residual functional capacity did not prevent the performance of Claimant's past relevant work and he was thus able to perform all of his past relevant work, including food store clerk, video sales clerk, U.S. Census survey worker, security guard, laborer, pizza delivery person, fast food worker, dishwasher, kitchen helper, and electronic equipment repairman. (Tr. at 23.) On this basis, benefits were denied. (Tr. at 23-24.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v.Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the Commissioner's decision is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on June 20, 1972, and was 31 years old at the time of the administrative hearing. (Tr. at 52, 410.) Claimant has a high school education, attended truck driving school, and completed one semester of college. (Tr. at 411, 80, 86.) In the past, he held numerous jobs, including food store clerk, video store sales clerk, U.S. Census survey worker and map spotter, security guard, laborer, pizza delivery driver, dishwasher/kitchen helper, and fast food worker. (Tr. at 429-30.)

<u>The Medical Record</u>

The Court has reviewed all the evidence of record, including the medical evidence. However, Claimant's sole argument is procedural in nature and does not challenge the ALJ's sequential evaluation; therefore, the Court does not address the medical evidence of record herein.

<u>Claimant's Challenge to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the Vocational Expert's testimony at the administrative hearing was partially inaudible. Claimant asserts that a remand is necessary to correct the omissions in the transcript of the hearing. The Commissioner asserts that this argument is without merit and that substantial evidence supports the ALJ's decision.

<u>Analysis</u>

Claimant contends that the transcript of his administrative hearing is so incomplete as to require remand. (Pl.'s Br. at 3.) Claimant argues that the testimony of the Vocational Expert "is somewhat 'spotty,' that is to say there are more than a few 'inaudibles' in the vocational expert's testimony." (Pl.'s Br. at 3.) Claimant asserts that "several" of the "inaudibles" occur in the ALJ's hypothetical question to the Vocational Expert. The Commissioner asserts that the testimony was transcribed sufficiently for the Court to conduct meaningful judicial review and that remand is unwarranted.

"Whether the transcript is inadequate depends upon the materiality of the omissions. The plaintiff shoulders the burden of showing that some material evidence was not reported or was so incompletely reported that its effect is obscured." <u>McGlone v. Heckler</u>, 791 F.2d 1119, 1120 (4th Cir. 1986) (per curiam). In <u>McGlone</u>, the Court found that there was no attempt to make any such showing. <u>See id.</u> The Court noted that although the plaintiff was not represented by counsel in the

hearing before the administrative law judge, his lawyer in the district court could have ascertained from him what, if any, relevant evidence was offered at the hearing but not reported. See id. As there was no identification of any such omitted evidence, and the transcript actually disclosed evidence supporting the Commissioner's decision, the transcript was deemed adequate and the denial of benefits affirmed. See id.

Similarly, Claimant's counsel in the instant case has not attempted to show what important evidence was omitted and does not show that the evidence was so incompletely reported as to obscure its effect. There are only a few inaudible portions in the transcript, and the omissions appear, from the context, to be only single words. (Tr. at 430-33.) The transcript does not contain large inaudible portions of testimony. The jobs that the VE identified in response to the hypothetical question as jobs such a person could perform are clearly set forth in the transcript, with no inaudible portions. (Tr. at 430-31.) Additionally, in the instant case, the ALJ determined at step four of the sequential analysis that with a residual functional capacity for medium work with additional limitations, Claimant was able to return to all of his past relevant work as it was described by the Vocational Expert at the administrative hearing. (Tr. at 22-23.) The Vocational Expert testified that Claimant's past relevant work, which consisted of numerous jobs, ranged from unskilled to semi-skilled and was performed at the light exertional level, except for the dishwasher/kitchen helper position, which was performed at the medium exertional level. (Tr. at 23, 429-30.) This portion of the Vocational Expert's testimony, upon which the ALJ relied in making his decision, contains no inaudible portions. (Tr. at 429-30.) The Regulations provide that if one can perform medium work, "we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c);

416.967(c) (2004). The undersigned finds therefore that Claimant's argument is without merit.[1]

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **DENY** the Plaintiff's Motion for Remand, **GRANT** the Defendant's Motion for Judgment on the Pleadings, **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v.

---

[1] In Smith v. Bowen, 837 F.2d 635 (4th Cir. 1987) (per curiam), the United States Court of Appeals for the Fourth Circuit held that it was "improper for the ALJ to rely on the vocational expert's testimony in determining that Smith could return to her past job." Smith, 837 F.2d at 637. The Court noted that "a vocational expert enters the sequential analysis for determining disability *after* a claimant is found unable to do her past relevant work." Id. (Emphasis in original). In response to the Bowen ruling, the Social Security Administration issued Social Security Acquiescence Ruling ("SSAR") 90-3(4), reflecting the policy in the Fourth Circuit. However, this SSAR was rescinded on September 25, 2003, when the Regulations were amended to clarify that SSA may use the services of a Vocational Expert at step four of the sequential evaluation process. 68 Fed. Reg. 51,317-318 (2003). The Regulations now make clear that in determining whether a claimant can do his past relevant work, "[w]e may use the services of vocational experts or vocational specialists, or other resources . . . ." 20 C.F.R. §§ 404.1560(b), 416.960(b) (2004).

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Date: June 15, 2005.

R. Clarke VanDervort
United States Magistrate Judge